**SAO**
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 464-5000
Fax: (702) 463-4440
ash@mwinjury.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELLEN REEVES, individually,<br><br>             Plaintiff,<br>vs.<br><br>DISCOVER YOUR MOBILITY, INC., a foreign corporation; DOE EMPLOYEES I-V, individually; DOE MANAGERS I-V, individually; ROE MANUFACTURERS I-X; ROE INSPECTION COMPANIES I-V; ROE DISTRIBUTORS I-X; DOE INDIVIDUALS I-X; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>             Defendants. | CASE NO:  2:22-CV-01361-GMN-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SECOND REQUEST)** |

Plaintiff ELLEN REEVES and Defendant DISCOVER YOUR MOBILITY, INC., by and through their respective counsel of record, do hereby stipulate to extend the discovery cutoff in the present case for a period of ninety (90) days.

Pursuant to LR IA 6-1, the parties hereby aver that this is the second such discovery extension requested in this matter:

///

///

PAGE **1** OF **6**

## I. GOOD CAUSE SUPPORTING THE EXTENSION

The parties come to this Court seeking a second extension of the Discovery Plan and Scheduling Order governing this complicated product liability/personal injury case. The parties have diligently moved this case forward, but additional discovery remains to be completed which warrants the requested extension.

### A. SUMMARY OF EFFORTS THUS FAR

Plaintiff filed her Complaint in the Eighth Judicial District Court on June 17, 2022. Defendant removed this matter to the United States District Court, District of Nevada, on August 22, 2022. *See* ECF No. 1. On September 12, 2022, Defendant filed its Statement Regarding Removal. *See* ECF No. 7. Defendant filed its Answer to Plaintiff's Complaint on September 25, 2022. *See* ECF No. 13.

On August 17, 2022, the Discovery Plan and Scheduling Order was filed. *See* ECF No. 15. Plaintiff served her Initial Disclosure of Witness and Production of Documents Pursuant to FRCP 26(a)(1) on October 6, 2022. Defendant served its Initial Disclosure of Witness and Production of Documents Pursuant to FRCP 26(a)(1) on November 4, 2022.

Plaintiff then served her First Requests for Production of Documents on December 16, 2022. Due to a change in Defendant's counsel from within defense counsel's office, extensions were granted for Defendant's responses to those Requests for Production.

On March 8, 2023, Defendant responded to Plaintiff's First Requests for Production. The materials produced raised a tangential, but important issue regarding the scope of Defendant's potential liability coverage. Counsel for both parties have met and conferred regarding the issue and Plaintiff has inquired into the same via additional written discovery.

Since then, Plaintiff has sent additional written discovery to which Defendant has produced responses. Plaintiff has also taken the FRCP 30(b)(6) deposition of Defendant DYM.

/ / /

/ / /

**B. GOOD CAUSE**

This is a complex product liability - personal injury case. Further complicating this case is the lack of information as to the entity who manufactured the subject product and that entity's role in the chain of commerce. Plaintiff's counsel and Defense counsel have been working together to address the issue and potentially identify the manufacturer. Moreover, both sides are cognizant of litigation costs and desire to maintain economic efficiency where possible. Therefore, certain discovery has not yet been completed.

However, since the previous extension, Plaintiff has conducted FRCP 30(b)(6) deposition of Defendant DYM. In that deposition, a lot of outstanding issues were resolved with definite answers from Defendant DYM's corporate representative. These answers have provided the parties with a roadmap through the rest of this litigation. They have also allowed the parties to participate in meaningful settlement negotiations. Currently, the parties are planning on mediation of this matter in December. The extension requested herein will allow the parties to conduct that mediation while still having time to meet deadlines if no resolution is met.

Additionally, lead counsel for Defendant was transferred from Vincent Garrido, Esq. to Adam Knecht, Esq. As such, time was needed for Mr. Knecht to get up to speed on the case. For the reasons stated above, granting an extension of the discovery deadlines in this case is in the interest of justice and good cause exists therefor.

**II.      DISCOVERY COMPLETED TO DATE.**

**To date, Plaintiff has produced the following discovery:**

- Plaintiff's Initial Disclosure of Witnesses and Exhibits (served October 6, 2022);
- Plaintiff's First Set of Requests for Production of Documents to Defendant DYM (served December 16, 2022);
- Plaintiff's Second Set of Requests for Production of Documents to Defendant DYM (served March 3, 2023);
- Plaintiff's First Set of Interrogatories to Defendant DYM (served March 3, 2023);

- Plaintiff's First Supplemental Disclosure of Witnesses and Exhibits (served March 6, 2023).
- Plaintiff's First Set of Requests for Admission to Defendant DYM (served April 11, 2023);
- Plaintiff's Amended First Set of Interrogatories to Defendant DYM (served April 11, 2023);
- Plaintiff's Second Supplemental Disclosure of Witnesses and Exhibits (served May 23, 2023);
- **FRCP 30(b)(6) deposition of Defendant DYM.**

**To date, Defendant DYM has produced the following discovery:**

- Defendant DYM's Initial Disclosure of Witnesses and Exhibits (served November 4, 2022);
- Defendant DYM's Responses to Plaintiff's First Set of Requests for Production of Documents (Served March 8, 2023);
- Defendant DYM's Responses to Plaintiff's Second Set of Requests for Production of Documents (Served April 10, 2023);
- Defendant DYM's Responses to Plaintiff's Amended First Set of Interrogatories (served April 20, 2023);
- Defendant DYM's Responses to Plaintiff's First Set of Requests for Admission (Served May 10, 2023);

### III.     DISCOVERY REMAINING TO BE COMPLETED.

In accordance with LR II 26-4(b), the Parties provide the following statement of discovery remaining to be completed:

1. Depositions of fact witnesses;
2. Deposition(s) of insurance broker(s);
3. Additional written discovery;

    4.        Addition of other parties;

    5.        Initial Expert disclosures;

    6.        Rebuttal Expert disclosures; and

    7.        Depositions of expert witnesses.

### A. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED.

The parties have been working diligently to resolve outstanding issues and push the case forward. Since the last extension, Plaintiff has conducted the FRCP 30(b)(6) deposition of Defendant DYM. That deposition answered most if not all of the outstanding questions and issues in this case. Plaintiff was not able to fully push the case forward without resolution of those issues. Now with a full picture of the facts and circumstances, the parties have agreed to mediate sometime in early December. Both sides are confident that a resolution of this matter can be met within the extended deadlines.

Based upon the foregoing, the parties respectfully request a ninety (90) day extension of all current discovery deadlines. The parties are confident that a granting of the request for a ninety (90) day extension of the remaining discovery deadlines would allow them to complete the required discovery. The parties have further agreed to extend the initial expert deadline thirty (30) additional days within the extension as it would fall on Christmas Eve with the ninety (90) day extension. This request is made in good faith, not for the purpose of delay.

### IV. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY.

This request for an extension of time is not sought for any improper purpose or other purpose of delay. The parties respectfully submit that this constitutes good cause for the extension. The following is a list of the current discovery deadlines and the parties' proposed extended deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut Off | December 24, 2023 | **March 23, 2024** |
| Amend Pleadings/Add Parties | September 25, 2023 | **December 24, 2023** |
| Initial Expert Disclosures | September 25, 2023 | **January 24, 2024** |

| | | |
|---|---|---|
| Rebuttal Expert Disclosures | November 24, 2023 | **February 22, 2024** |
| Dispositive Motions | January 23, 2024 | **April 22, 2024** |
| Joint Pre-Trial Order | February 22, 2024 | **May 22, 2024** |

This is the second request for an extension of time in this matter and no trial date will be impacted by the extension as no such trial date has been set. The parties submit that the reasons set forth above constitute good cause for the requested extension.

If this extension is granted, all discovery mentioned above should be concluded within the stipulated extended deadlines. The parties aver that this request for extension of discovery deadlines is made by the parties in good faith and not for the purpose of delay.

Dated this 19th day of September, 2023.
**ALVERSON TAYLOR & SANDERS**

*/s/ Adam Knecht*_____
ADAM KNECHT, ESQ.
Nevada Bar No. 13166
6605 Grand Montecito Parkway
Henderson, NV 89052
*Attorney for Defendant DYM*

Dated this 19th day of September, 2023.
**MAINOR WIRTH, LLP**

*/s/ Ash Marie Blackburn*_____
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148
*Attorney for Plaintiff*

**IT IS SO ORDERED.**

DATED this __20th__ day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE