BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
ADAM ELLIS, ESQ.
Nevada Bar No. 14514
**MAINOR ELLIS, LLP**
8367 W. Flamingo Road, Suite 200
Las Vegas, Nevada 89147
Phone: (702) 450-5000
Fax: (702) 733-1106
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELLEN REEVES, individually, <br><br> Plaintiff, <br><br> vs. <br><br> DISCOVER YOUR MOBILITY, INC., a foreign corporation; SOLO WORLD PARTNERS, LLC., a foreign corporation; DOE EMPLOYEES I-V, individually; DOE MANAGERS I-V, individually; ROE MANUFACTURERS I-X; ROE INSPECTION COMPANIES I-V; ROE DISTRIBUTORS I-X; DOE INDIVIDUALS I-X; and ROE BUSINESS ENTITIES I-X, inclusive, <br><br> Defendants. | CASE NO: 2:22-CV-01361-GMN-DJA <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, ELLEN REEVES, by and through her attorneys, BRADLEY S. MAINOR, ESQ. and ADAM ELLIS, ESQ. of MAINOR ELLIS, LLP, and for her causes of action against Defendants, and each of them, complains and alleges as follows:

**THE PARTIES**

1. That Plaintiff, ELLEN REEVES ("Plaintiff") is, and at all times mentioned herein was, a resident of Clark County, Nevada.

2. That Defendant DISCOVER YOUR MOBILITY, INC. a foreign corporation, is organized and incorporated under the laws of the State of Michigan with its principal place of business in Hazel Park, Michigan, as well as soliciting products for sale on

discovermymobility.com to residents of Las Vegas, NV.

3. That Defendant SOLO WORLD PARTNERS, LLC, a foreign corporation, is organized and incorporated under the laws of the State of Michigan with its principal place of business in Riverview, Michigan.

4. The identities of the Defendants, DOE EMPLOYEES I-V and DOE MANAGERS I-V, are unknown at this time. Plaintiff alleges that DOE EMPLOYEES/MANAGERS are responsible for the design, manufacture, packaging, sale, installation, maintenance, and/or service of the product at issue herein, which caused injuries to Plaintiff. Additionally, DOE EMPLOYEES/MANAGERS received phone calls from Plaintiff and/or her representatives and failed to provide proper direction and service, despite Plaintiff's complaints regarding the subject product. Plaintiff requests leave of the Court to amend this Complaint to name DOE EMPLOYEES/MANAGERS specifically when their identities become known.

5. The identities of Defendants ROE MANUFACTURERS I-X are unknown at this time; however, Plaintiff believes ROE MANUFACTURERS are responsible for the design, manufacture, packaging, maintenance, and/or service of the subject pool lift, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE MANUFACTURERS specifically when their identities become known.

6. The identities of Defendants ROE INSPECTION COMPANYIES I-V are unknown at this time; however, Plaintiff believes ROE INSPECTION COMPANIES were responsible for inspecting, maintaining, and/or servicing the subject pool lift, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE INSPECTION COMPANIES specifically when their identities become known.

7. The identities of Defendants ROE DISTRIBUTORS I-X are unknown at this time; however, Plaintiff believes ROE DISTRIBUTORS to have provided the subject product, parts, supplies, and/or services to Defendants DISCOVER YOUR MOBILITY, INC. and/or SOLO WORLD PARTNERS, LLC, and/or other Defendants currently unknown to Plaintiff, as part of the manufacturing and/or distribution process of the subject pool lift, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE

DISTRIBUTORS specifically when their identities become known.

8. That Defendants DOE INDIVIDUALS I-X and ROE BUSINESS ENTITIES I-X are other individuals, owners, managers, controllers, designers, installers, maintenance and/or service providers, distributors, manufacturers, inspectors, sub-contractors, vendors, sellers, or other persons responsible for the defective product at issue herein. The true names and capacities of the remaining Defendants designated herein as Does or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include associations presently unknown. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

9. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

## JURISDICTION AND VENUE

10. At all times relevant to these proceedings, Defendants, and each of them, availed themselves to the jurisdiction of the State of Nevada by placing products into the stream of commerce, which were marketed, sold, distributed and/or used in the State of Nevada, or by otherwise establishing sufficient minimum contacts with the State of Nevada so as to submit themselves to the jurisdiction of Nevada.

11. Venue is proper because it is the county in which Plaintiff was located at the time the actions of Defendants, and each of them, resulted in injuries to Plaintiff.

12. Furthermore, Defendants, and each of them, either market, distribute and sell their products to residents of the State of Nevada; and/or have sufficient minimum contacts with, the State of Nevada.

## GENERAL ALLEGATIONS

13. This action is a products liability action, which arises from the defective design, manufacturing, distribution, sale, service, and/or installation of the Triton Pool Lift, which was used in the manner intended by Plaintiff.

14. On or about June 21, 2020, Plaintiff was preparing to use her mother's pool, the

residence located on Kell Lane in Las Vegas, Nevada, with the assistance of the Triton Pool Lift.

15. Sometime prior to June 21, 2020, Defendants, and each of them, designed, manufactured, marketed, distributed, sold, packaged, maintained, serviced, placed into the stream of commerce, and installed the subject pool lift, which was represented to be safe for its intended use.

16. Defendants, and each of them, were also responsible for ensuring that products it provided to customers were safe for their intended use.

17. The subject pool lift was not altered, changed, improved, damaged, or impaired from the manner that it was received at the time of its failure.

18. Plaintiff made numerous inquiries to Defendants about replacement parts and/or potential issues with the subject pool lift. Despite these complaints, Defendants insisted the product was safe for use as is.

19. On or about June 21, 2020, Plaintiff intended to utilize the pool lift in a normal, customary, and foreseeable manner.

20. As Plaintiff utilized the pool lift in its normal operating capacity, it collapsed.

21. The collapse caused part of the lift to fall and strike Plaintiff across the top of the head causing severe injury.

22. Upon information and belief, the dangerous condition was caused as a direct result of the Defendants' failure to properly design, manufacture, inspect, package, maintain, and/or provide service to the subject pool lift in a reasonable and safe manner.

23. Defendants knew, or reasonably should have known, that the dangerous condition existed.

24. Defendants negligently, carelessly, and recklessly created and/or allowed the dangerous condition to exist.

25. As a result of Defendants' actions or omissions, Plaintiff suffered severe injuries, all or some of which conditions appear be permanent and which are severely disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts easily exceed the statutory minimum of $15,000.

26. That as a further direct and proximate cause of the Defendants' acts and/or omissions, Plaintiff has incurred, and will continue to incur in the future, medical expenses in an amount to be proven at the time of trial.

27. As a result of the foregoing defects and Defendants' acts and/or omissions, Plaintiff has been required to retain the services of MAINOR ELLIS, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

## FIRST CAUSE OF ACTION
### (Strict Products Liability – All Defendants)

28. Plaintiff repeats, realleges, and incorporates herein by this reference, each and every allegation contained in the paragraphs set forth above as though fully set forth herein.

29. That Defendants were the designers, manufacturers, distributers, packagers, sellers, retailers, inspectors, maintenance or service providers and/or suppliers of the subject pool lift.

30. That the subject pool lift was defective in the following ways:

    a. In its design;
    b. In its manufacture;
    c. In its quality assurance/quality control testing;
    d. In its packaging;
    e. In its warnings, labeling and instructions;

31. That said defects existed when the subject pool lift left Defendants' possession and caused the product to differ from its intended design and/or quality.

32. That the subject pool lift, when sold and delivered, did not contain, nor was it accompanied by, suitable and adequate instructions and/or warnings concerning its safe and proper use, care, and/or inspection.

33. That the subject pool lift was used by the ultimate consumer for its intended purpose and in a manner that was reasonably foreseeable by the Defendants.

34. That as a result of the foregoing defects and lack of adequate advisement, the subject pool lift was unreasonably dangerous because those defects caused the product to fail to perform in the manner reasonably expected in light of its nature and intended purpose, thereby seriously and permanently injuring Plaintiff.

35. That the defects were the actual cause of the damages and injuries suffered by Plaintiff.

36. That the defects were the proximate (legal) cause of the damages and injuries suffered by Plaintiff.

37. As a result of the foregoing defects and Defendants' acts and/or omissions, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts easily exceed the statutory minimum of $15,000.

38. That as a further direct and proximate result of the foregoing defects and Defendants' acts and/or omissions, Plaintiff has incurred, and will continue to incur in the future, medical expenses in an amount to be proven at the time of trial.

39. That as a further direct and proximate result of the defects and Defendants' acts and/or omissions, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

40. As a result of the foregoing defects and Defendants' acts and/or omissions, Plaintiff has been required to retain the services of MAINOR ELLIS, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### (Breach of Warranty – All Defendants)

41. Plaintiff repeats, realleges, and incorporates herein by this reference, each and every allegation contained in the paragraphs set forth above as though fully set forth herein.

42. That the Parties, as buyers and sellers, entered into a contract for the sale of the subject pool lift.

43. That Defendants, as sellers, were in the business of selling pool lifts of the kind and nature that injured Plaintiff.

44. That all Defendants held themselves out as having special knowledge or skill pertaining to such products.

45. That at the time all Defendants designed, manufactured, distributed, inspected, maintained or serviced, supplied and/or sold such products, they had reason to know that the products were required for a particular purpose.

46. That all Defendants impliedly and expressly warranted the quality of the product.

47. That the subject product did not meet the quality of similarly manufactured, distributed, inspected, maintained or serviced, supplied, and/or sold products for their particular purpose and/or their intended function.

48. That the subject product did not conform to the implied or express warranties.

49. All Defendants breached their express and implied warranties by the failures as alleged above, and by the improper marketing, labeling, packaging, and/or instruction, caused by the failure to adequately warn and instruct in the safe use of the products.

50. That Plaintiff was a third-party beneficiary of those implied and express warranties.

51. That it was reasonable for all Defendants to expect such a person, like Plaintiff, would use and be affected by the products.

52. That all Defendants' breaches of the implied and express warranties were the actual causes of the damages, losses, harms and injuries suffered by Plaintiff.

53. That all Defendants' breaches of the implied and express warranties were the proximate (legal) causes of the damages, losses, harm and injuries suffered by Plaintiff.

54. As a result of the foregoing breaches of the implied and express warranties, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed the statutory minimum of $15,000.

55. That as a further direct and proximate result of the foregoing breaches of the implied and express warranties, Plaintiff has incurred, and will continue to incur in the future, medical expenses in an amount to be proven at the time of trial.

56. As a result of the foregoing breaches of the implied and express warranties, Plaintiff has been required to retain the services of MAINOR ELLIS, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

### **THIRD CAUSE OF ACTION**
**(Negligence – All Defendants)**

57. Plaintiff repeats, realleges, and incorporates herein by this reference, each and every allegation contained in the paragraphs set forth above as though fully set forth herein.

58. Defendants, and each of them, were negligent in the design, manufacturing, warning, instructing, marketing, distribution, supply, assembly, and/or sale of the subject pool lift because Defendants knew, or in the exercise of ordinary care should have known, that the product was unreasonably dangerous to those persons likely to use the products in the manner which they were intended to be used.

59. Defendants, and each of them, were negligent in the inspection, maintenance and/or service of the subject pool lift because Defendants knew, or in the exercise of ordinary care should have known, that the product was unreasonably dangerous to those persons likely to use the products in the manner which they were intended to be used.

60. Defendants, and each of them, were negligent in having received specific complaints from Plaintiff and failing to properly replace the subject product and/or give proper service and instructions to Plaintiff.

61. Defendants were negligent in the particulars set forth in this and the preceding paragraphs and such negligence was a proximate cause of the occurrence in question.

62. That all Defendants owed Plaintiff a duty of reasonable care in the placing of safe, non-defective products into the stream of commerce for use by people like Plaintiff.

63. That all Defendants breached this duty by putting into the stream of commerce defective and unreasonably dangerous products.

64. That all Defendants breached this duty by failing to properly package, service, and/or maintain the defective and unreasonably dangerous products, despite Plaintiff's complaints.

65. That all Defendants owed a duty of care to Plaintiff to ensure proper instructions, equipment and assistance were provided regarding the assembly, maintenance and repair of the subject pool lift.

66. That all Defendants and/or employees, breached this duty of care by failing to provide proper instructions, equipment and assistance in Plaintiffs efforts to assemble and utilize the subject pool lift in its intended fashion.

67. That Defendants, and each of them, had specific knowledge regarding the likely and intended use of the subject pool lift.

68. That Defendants, and each of them, had specific knowledge regarding the deficiencies in the subject pool lift and Plaintiff's numerous concerns about the safety and integrity of the lift.

69. That Defendants' breach of these duties of care is, and was, the actual cause of the damages, losses, harms and injuries suffered by Plaintiff.

70. That Defendants' breach of these duties of care is, and was, the proximate cause of the damages, losses, harms and injuries suffered by Plaintiff.

71. As a result of the foregoing negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed the statutory minimum of $15,000.

72. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

73. As a result of Defendants' negligence, Plaintiff has been required to retain the services of MAINOR ELLIS, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION

**(Negligent Hiring, Training, Supervision, and Retention – All Defendants)**

74. Plaintiff repeats, realleges, and incorporates herein by this reference, each and every allegation contained in the paragraphs set forth above as though fully set forth herein.

75. The Defendants, and/or their agents, owed Plaintiff a duty to utilize reasonable application, screening, and hiring processes for all their employees to perform the necessary job functions and ensure that safety policies and procedures were in place to protect their customers.

76. The Defendants, and/or their agents breached their duty by failing to utilize reasonable application, screening, and hiring processes and such breach resulted in Defendants employing individuals without the necessary ability, knowledge, or skill to ensure that safety policies and

procedures were in place to protect their customers.

77. Defendants owed Plaintiff a duty to reasonably train their employees to perform the necessary job functions and ensure that safety policies and procedures were in place to protect their customers.

78. Defendants breached their duty to reasonably train DOE EMPLOYEES and MANAGERS to perform the necessary job functions and ensure that safety policies and procedures were in place to protect their customers.

79. Defendants owed Plaintiff a duty to reasonably supervise their employees to perform the necessary job functions and ensure that safety policies and procedures were in place to protect their customers.

80. Defendants breached their duty to reasonably supervise DOE EMPLOYEES and MANAGERS to perform the necessary job functions and ensure that safety policies and procedures were in place to protect their customers.

81. Defendants owed Plaintiff a duty to discharge or terminate their employee(s), who Defendants knew or reasonably should have known, was/were unfit to perform the necessary job functions and ensure that safety policies and procedures were in place to protect their customers.

82. Defendants breached their duty to discharge or terminate DOE EMPLOYEES and MANAGERS, who Defendants knew or reasonably should have known, was/were unfit to perform the necessary job functions and ensure that safety policies and procedures were in place to protect their customers.

83. The Defendants, and/or their agents' breach is/are, and was/were, the actual cause of the damages, losses, harms and injuries suffered by Plaintiff.

84. The Defendants, and/or their agents' breach is/are, and was/were, the proximate cause of the damages, losses, harms and injuries suffered by Plaintiff.

85. As a result of the foregoing negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts easily exceed the statutory minimum of $15,000.

86. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

87. As a result of the foregoing breaches of the implied and express warranties, Plaintiff has been required to retain the services of MAINOR ELLIS, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000;
2. Special damages to be determined at the time of trial;
3. Punitive damages;
4. Medical and incidental expenses already incurred and to be incurred;
5. Damages for lost wages;
6. Damages for permanent disfigurement;
7. Interest at the statutory rate;
8. Reasonable attorney's fees and costs of suit; and
9. For such other relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, by and through her attorneys, BRADLEY S. MAINOR, ESQ. and ADAM ELLIS, ESQ. of MAINOR ELLIS, LLP, hereby demands a trial by jury of all issues in the above-entitled matter.

DATED this 29th day of January, 2024.

                                                  **MAINOR ELLIS, LLP**

                                                  */s/Adam Ellis*

                                                  BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
ADAM ELLIS, ESQ.
Nevada Bar No. 14514
8367 W. Flamingo Road, Suite 200
Las Vegas, NV 89147
*Attorney for Plaintiff*

# **CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), the amendment to EDCR 7.26 and Administrative Order 14-2, I hereby certify that on the 29th day of January 2024, I caused a true and correct copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** to be served electronically to all parties with an email address on record, as follows:

Adam R. Knecht, Esq.
HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, NV 89144
*Attorney for Defendant Discovery your Mobility, Inc.*

*/s/Natalie Cothran*

An Employee of **MAINOR ELLIS, LLP**