BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
ADAM ELLIS, ESQ.
Nevada Bar No. 14514
**MAINOR ELLIS, LLP**
8367 W. Flamingo Road, Suite 200
Las Vegas, Nevada 89147
Phone: (702) 450-5000
Fax: (702) 733-1106
adam@me-injury.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELLEN REEVES, individually, <br><br> Plaintiff, <br><br> vs. <br><br> DISCOVER YOUR MOBILITY, INC., a foreign corporation; SOLO WORLD PARTNERS, LLC., a foreign corporation; DOE EMPLOYEES I-V, individually; DOE MANAGERS I-V, individually; ROE MANUFACTURERS I-X; ROE INSPECTION COMPANIES I-V; ROE DISTRIBUTORS I-X; DOE INDIVIDUALS I-X; and ROE BUSINESS ENTITIES I-X, inclusive, <br><br> Defendants. | CASE NO: 2:22-CV-01361-GMN-DJA <br><br> **STIPULATION** <br> ~~**JOINT MOTION**~~ **TO REOPEN DISCOVERY** <br><br> (THIRD REQUEST FOR EXTENSION) |

Plaintiff ELLEN REEVES, by and through her counsel of record ADAM ELLIS, ESQ.; DISCOVERY YOUR MOBILITY, INC., by and through its counsel of record ADAM KNECHT, ESQ., and SOLO WORLD PARTNERS, LLC, by and through its counsel of record JOHN KRIEGER, ESQ., jointly move to reopen the discovery period for one-hundred twenty (120) days.

**DECLARATION**

I, Adam Ellis, declare as follows:

1. I am a partner at MAINOR ELLIS, LLP, attorneys of record for Plaintiff ELLEN REEVES. I am competent to and will testify to the following facts if called to do so.

2. I make this Declaration in support of the parties' JOINT MOTION TO REOPEN DISCOVERY.

3. On January 23, 2024, the Court entered an Order [25] permitting Plaintiff to file an Amended Complaint, adding Defendant SOLO WORLD PARTNERS, LLC ("Solo World") as a party.

4. Plaintiff's counsel effectuated service on Solo World on February 14, 2024. On March 8, 2024 the Court approved the parties' Joint Stipulation and Order for Extension of Time for Defendant Solo World, LLC to Respond to Complaint [33].

5. Defendant Solo World, LLC filed its Answer to First Amended Complaint [35] on March 22, 2024.

6. At that time, discovery was set to close the next day, on March 23, 2024, with dispositive motions due April 22, 2024.

7. After Solo World appeared, Plaintiff and Defendant Discover Your Mobility, Inc. began having preliminary settlement discussions, which were complicated by certain issues in the case including lack of insurance coverage.

8. The parties held a 26(f) conference on May 7, 2024, discussing the discovery remaining to be completed by all parties, including newly added Solo World.

9. The parties agreed additional discovery was necessary due to Solo World's recent appearance in the case, and that they believed all could be accomplished in one-hundred twenty days. The parties also discussed the possibility of resolution, and agreed it would be best explored after Solo World had conducted some discovery.

10. Good cause exists to reopen discovery to allow Solo World to conduct discovery, as it became a party close to the conclusion of the original discovery period. Additionally, good

cause exists to facilitate any remaining discovery Plaintiff and Defendant Discovery Your Mobility, Inc. seek to complete.

11. Excusable neglect exists for the failure to move to reopen discovery prior to 21 days before the discovery deadline because Solo World did not become a party until the day before the original discovery period had passed. Additionally, excusable neglect exists for the delay between Solo World's appearance and this Motion because Plaintiff and Defendant Discovery Your Mobility, Inc. had been exploring the potential for reaching global resolution, which would have eliminated the need to conduct any further discovery.

12. Accordingly, the parties respectfully request the Court enter an Order Reopening Discovery for a period of one-hundred twenty (120) days and continuing all other deadlines accordingly.

13. The parties are also submitting a Discovery Plan and Proposed Scheduling Order in compliance with FRCP 26(f), as Defendant Solo World recently appeared. The parties' proposed discovery schedule is the same in both documents.

14. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: <u>May 31, 2024</u>             Signed: */s/ Adam Ellis*

MAINOR ELLIS, LLP
8367 W. Flamingo Rd. #200, Las Vegas, NV 89147
Phone: (702) 450-5000 | Fax: (702) 733-1106

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The parties seek to reopen discovery for one-hundred twenty (120) days. Defendant Solo World Partners, LLC appeared in the case the day before discovery closed, and thus could not complete any discovery. This extension will afford Defendant Solo World ample time to conduct discovery. In addition, reopening discovery will allow the parties additional time to discuss the possibility of resolution before heading to trial.

**II.    ARGUMENT**

**A. Applicable Legal Standards**

A request to reopen discovery must be supported by a showing of good cause and excusable neglect. Local Rule 26-3; Fed. R. Civ. P. 6(b)(1)(B). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12, 2015 WL 10059063 (D. Nev. Dec. 15, 2015).

The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Neglect" encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 388; and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997)).

**B. Good Cause Exists to Reopen Discovery**

Plaintiff moved to amend her Complaint and add Defendant Solo World Partners, LLC as a party at the deadline to add parties and amend pleadings. Once her Motion was granted, she began service of process. Once service was effectuated, Defendant Solo World appeared. However, since pre-existing deadlines continued running while before Solo World made its appearance, only one day of discovery remained when Solo World first appeared in the case. Thus, it did not have any time to complete discovery. Good cause exists to reopen the discovery deadlines to allow Solo World the opportunity to conduct discovery.

Good cause also exists to allow the parties sufficient time to conduct additional discovery. Defendant Discover Your Mobility, Inc., had noticed Plaintiff's deposition for the last day of discovery, March 22, 2024. Due to calendaring error by Plaintiff's counsel, Plaintiff did not appear for her deposition. Accordingly, good cause exists to reopen discovery to allow the parties to complete Plaintiff's deposition.

**C. Excusable Neglect Exists for Not Submitting this Motion within 21 Days of the Close of Discovery**

Shortly after Solo World made its appearance, Defendant Discover Your Mobility contacted Plaintiff's counsel to discuss whether it was feasible to resolve the case. Given the unique circumstances of the case, Plaintiff and Defendant Discover Your Mobility focused on whether a global resolution could be reached. While counsel explored options with their clients, the other case-related deadlines passed. In early May 2024, the parties held a 26(f) conference for the purpose of determining the discovery Solo World would need, as well as whether the addition of Solo World in settlement discussions would be productive. The parties agreed that in order to have meaningful settlement discussions, Solo World would first need to conduct some discovery. This Joint Motion followed.

The *Pioneer* factors support a finding of excusable neglect due to filing this Motion after the close of discovery. The first factor, the danger of prejudice to any party, weighs in favor of finding excusable neglect. The parties jointly agree discovery should be reopened, thus there is no

1  prejudice to any party. Second, the length of delay of one-hundred twenty (120) days is relatively
2  short considering this would just be the third extension of discovery, and the extension is
3  narrowly tailored to allow a newly added party sufficient time to prepare a defense. The third
4  *Pioneer* factor—the reason for delay—supports a finding of excusable neglect as the parties had
5  hoped to resolve the case globally and obviate the need for any extension. The fourth factor,
6  whether the movant acted in good faith, is likewise present. The parties jointly move to reopen the
7  discovery deadlines, and each agree they have done so in a good faith attempt to permit a newly-
8  added party to conduct discovery.

**D. An Extension of Discovery is Warranted**

1. The Discovery Completed to Date
   a. Plaintiff's Initial Rule 26 Disclosures on October 6, 2022;
   b. Defendant DYM's Initial Rule 26 Disclosures on November 4, 2022;
   c. Plaintiff's First Requests for Production to Defendant DYM on December 16, 2022, and Defendant DYM's Responses on March 8, 2023;
   d. Plaintiff's Second Requests for Production to Defendant DYM on March 3, 2023, and Defendant DYM's Responses on April 10, 2023;
   e. Plaintiff's Interrogatories to Defendant on April 11, 2023, and Defendant DYM's Responses on April 19, 2023;
   f. Plaintiff's Requests for Admissions to Defendant DYM on April 11, 2023, and Defendant DYM's Responses on May 10, 2023;
   g. Plaintiff's Third Requests for Production to Defendant DYM on October 25, 2023, and Defendant DYM's Responses;
   h. Plaintiff took the deposition of Defendant DYM's FRCP 30(b)(6) witness Michael Woods.
   i. Plaintiff's disclosure of expert witnesses.
   j. Defendant noticed Plaintiff's deposition for the last day of discovery, however it did not go forward.

### 2. The Discovery Remaining to be Completed

Since Defendant Solo World is new to the case, it will produce its FRCP 26 disclosures, written discovery to Plaintiff and Defendant DYM, subpoenas as needed, depositions as needed, and disclosure of experts.

Defendant DYM will complete the deposition of Plaintiff, which was originally scheduled for the last day of discovery yet did not go forward, and may propound written discovery on Solo World.

Plaintiff anticipates propounding written discovery on Defendant Solo World, and taking the deposition of its FRCP 30(b)(6) witness as well as pertinent fact witnesses and expert witnesses, who are yet to be identified.

### 3. The Reasons Remaining Discovery Remains to be Completed

Defendant Solo World has yet to conduct any discovery, nor have the other parties conducted discovery into Defendant Solo World, because it appeared in the case the day before the discovery deadline expired. This is due to the deadlines continuing to run while Plaintiff's Motion to Amend was pending, as well as while service of process was pending.

Defendant DYM was unable to take the deposition of Plaintiff as noticed due to Plaintiff's counsel's calendaring error, which caused the need for the deposition to be rescheduled. Since it was originally set for the date the discovery deadline expired, absent an extension, it would necessarily have to have been taken outside of the discovery period.

### 4. The Parties' Proposed Discovery Schedule

The parties propose the following discovery schedule:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Add Parties/Amend Pleadings | Passed | Passed |
| Initial Expert Disclosures | Passed | 7/19/24 for Defendant Solo World |
| Rebuttal Expert Disclosures | Passed | 8/19/2024 |
| Close of Discovery | Passed | 9/17/2024 |

| Dispositive Motions | Passed | 10/17/2024 |
|---|---|---|
| Joint Pretrial Order | 5/22/2024 | 11/18/24 |

### III. CONCLUSION

For the foregoing reasons, the parties respectfully request the Court reopen discovery for one-hundred twenty (120) days, and continue the remaining case deadlines accordingly.

Respectfully submitted by:

| | |
|---|---|
| **MAINOR ELLIS, LLP** | **HALL & EVANS, LLC** |
| */s/ Adam Ellis* | */s/ Adam Knecht* |
| BRADLEY S. MAINOR, ESQ. | ADAM R. KNECHT, ESQ. |
| Nevada Bar No. 7434 | 1160 North Town Center Drive, Suite 330 |
| ADAM ELLIS, ESQ. | Las Vegas, NV 89144 |
| Nevada Bar No. 14514 | *Attorneys for Def. Discover Your Mobility, Inc.* |
| 8367 W. Flamingo Road, Suite 200 | |
| Las Vegas, Nevada 89147 | |
| Phone: (702) 450-5000 | |
| Fax: (702) 733-1106 | |
| adam@me-injury.com | |
| *Attorneys for Plaintiff* | |

**DICKINSON WRIGHT PLLC**

*/s/ John Krieger*
Nevada Bar No. 6023
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Telephone: 702-550-4400
Facsimile: 844-670-6009
Email: jkrieger@dickinson-wright.com
*Attorneys for Def. Solo World Partners, LLC*

IT IS THEREFORE ORDERED that the parties' stipulation to reopen discovery (ECF No. 37) is GRANTED.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: June 3, 2024